**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SILICON LABORATORIES INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 1:17-CV-592** |
| **v.** | § | |
| | § | |
| **SILAB TECH PRIVATE LIMITED,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**PLAINTIFF SILICON LABORATORIES INC.'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Silicon Laboratories Inc. ("Plaintiff" or "Silabs"), by its undersigned attorneys, alleges as follows for its Original Complaint against Defendant Silab Tech Private Limited ""Defendant" or "Silab Tech"):

**THE PARTIES**

1.    Plaintiff is, and at all relevant times has been, a corporation organized and existing under the laws of Delaware, with a principal place of business located in Travis County, Texas.

2.    On information and belief, Defendant is, and at all relevant times has been, a private limited company organized and existing under the laws of India, whose principal place of business is located at No. 303, 2nd Floor, A Block, AECS Layout, Kundalhalli, Bangalore, India 560037.

## JURISDICTION AND VENUE

3.      This is an action based on trademark infringement, cybersquatting, and unfair competition under the Trademark Act of 1946, as amended, 15 § U.S.C. 1051 *et seq.* (the "Lanham Act"), and related claims under the laws of the State of Texas.

4.      The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b), 15 U.S.C. §§ 1114 and 1121 and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's claims under Texas State law.  The Court further has subject matter jurisdiction of this Court under 28 U.S.C. § 1332(a)(2), in that the parties are diverse and the amount in controversy exceeds $75,000.00.

5.      This Court has jurisdiction over Defendant under the Texas Long-Arm statute, Tex. Civ. Prac. & Rem. Code § 17.041 *et seq.*   Defendant is a foreign corporation doing business in the State of Texas and in this Judicial District, and has committed a tort, in whole or in part, in the State of Texas and in this Judicial District.

6.      Defendant may be served through the Texas Secretary of State, as Defendant's registered agent under Tex. Civ. Prac. & Rem. Code § 17.044, as Defendant is engaged in business in the State of Texas, does not maintain a regular place of business in Texas or a designated agent for service of process, and the present proceeding arises, at least in part, out of the business Defendant has done in Texas and to which the Defendant is a party.

7.      As this is an action arising, at least in part, from Defendant's business in the State of Texas, Defendant may also be served under Tex. Civ. Prac. & Rem. Code § 17.043 by hand delivery to an officer or other person in charge of Defendant's business at the time of service. Upon information and belief, such officer or other person in charge is currently in Austin, Texas, attending the Design Automation Conference (the "DAC").

8.      Venue is proper in this Judicial District under 28 U.S.C. § 139l(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district, Plaintiff's headquarters is located in this judicial district, and Defendant is a foreign entity.

9.      Venue is also proper in this Judicial District under 28 U.S.C. § 139l(b)(3), as Defendant is subject to this Court's personal jurisdiction with respect to the present action, and Plaintiff is not aware of any other district in which an action may be brought against Defendant for such claim.

## THE FACTS

### *Plaintiff, Its Business, and Its Marks*

10.      Silabs was founded in 1996.  It is headquartered are in Austin, TX but also has offices, *inter alia*, in California, Massachusetts, and Florida. Silabs has international offices in China, Finland, France, Germany, Hungary, Italy, Japan, Korea, Norway, Singapore, Taiwan, and the UK.

11.      Over the last twenty years, Silabs has grown from a small Austin, Texas based start-up to a leading global supplier of silicon, software and solutions, with revenues of $698 million in 2016, and offering silicon products, software, and solutions to a myriad of industries.

12.      Plaintiff is the owner of the trademark SILABS (the "SILABS Mark").  Plaintiff commenced certain uses of its SILABS Mark in commerce at least as early as 2007.  Plaintiff offers goods and services under its mark in the semiconductor space, with great success globally.

13.      As a result of Silabs' usage and promotion of its goods and services under the SILABS Mark, Silabs has developed valuable goodwill and strong common law trademark rights in its mark.

### *Registration of the SILABS Marks*

14.     Silabs is the owner of the following federal trademark registration on the Principal Register for its SILABS Mark (the "SILABS Mark Federal Registration"):

| Mark | Reg. No. | Dates | Goods and Services |
|---|---|---|---|
| SILABS | 3,298,916 | First use in commerce: Feb. 19, 2007<br>Filed: Jan. 19, 2005<br>Registered: Sept. 25, 2007 | Integrated circuits; computers; semi-conductors; modems; integrated radio frequency transceivers, synthesizers and tuners; and transmitters of electronic signals, in Class 9 |

15.     The SILABS Mark Federal Registration is valid and subsisting and owned by Silabs.

16.     The SILABS Mark Federal Registration is incontestable.

17.     Attached hereto at **Exhibit A** is a true and correct copy of the above-referenced registration downloaded from the public records system of the United States Patent and Trademark Office (the "USPTO").

18.     Pursuant to the Lanham Act, the SILABS Mark Federal Registration constitutes conclusive evidence of: (a) the validity of the SILABS Mark and of the registration of that Mark; (b) Silabs' ownership of the SILABS Marks; and (c) Silabs' exclusive right to use the SILABS Mark on or in connection with the goods and services specified in the registration. 15 U.S.C. §§ 1057(b) and 1115(a).

19.     In addition, the SILABS Mark Federal Registration constitutes constructive notice of Silabs' claim of ownership to the SILABS Marks. 15 U.S.C. § 1072.

***Domain Names Incorporating the SILABS Mark***

20.     Silabs is the owner of the domain name registration for *www.silabs.com* (the "Silabs Domain Name").  The Silabs Domain Name has been registered to Silabs since 1996.

21.     Silabs has continuously used the Silabs Domain Name as its primary domain name since at least as early as 1998.

22.     Silabs' Silabs Domain Name incorporates the SILABS Mark.

### *Silabs' Use and Promotion of the Silabs Marks*

23.     For many years, Silabs has sold and continues to sell hundreds of millions of dollars' worth of goods and services under the SILABS Mark, and Silabs has extensively promoted and continues to extensively promote its Silabs Marks for such goods and services.  Its Silabs Marks have a high degree of recognition.  Consumers interested in semiconductors or related products understand that products or services bearing the SILABS Mark or sold in connection with the SILABS mark are endorsed, associated, affiliated, or sponsored by Silabs and meet the standard of quality they have come to expect from products and services bearing the SILABS Mark.

24.     Silabs is a publicly traded company on the NASDAQ.  Silabs has won many prestigious awards in its field over the years, including, but not limited to:

- 2017 / Innovation Award from Somfy

- 2015 / ACE Award

- 2015 / Elektra European Electronics Industry Award

- 2015 / GSA's Most Respected Public Semiconductor Company Award

- 2014 / ACE Award

- 2013 / EDN China Innovation award

- 2012 / GSA's Analyst Favorite Semiconductor Company Award

- 2010 / EDN Innovation Award

- 2006 / Microelectronics Technology Inc (MTI)'s supplier award for product excellence and pre and post sales support

25.     As a result of Silabs' usage and promotion of its SILABS Mark, the SILABS Mark has become distinctive, serving to distinguish Silabs' goods and services from others, and to indicate the source of origin of Silabs' goods and services.  By virtue of Silabs' extensive use and promotion of its Silabs Marks, these marks have become well-known and famous in the markets where it offers goods and services.

### *Defendant Silab Tech*

26.     On information and belief Defendant Silab Tech is a semiconductor IP provider headquartered in Bangalore, India.

27.     Upon information and belief, Defendant Silab Tech is a supplier of high speed serial interface intellectual property designs (IP cores).  Defendant Silab Tech specializes in low power processes and advance nodes.  Among the Defendant Silab Tech's customers are top multinational semiconductor and fabless IC companies, system companies, and ASIC design houses.

28.     Defendant Silab Tech competes directly with Plaintiff Silabs in at least the following areas:

- PHY (physical layer) integrated circuits

- analog-to-digital and digital-to-analog circuits

- PLL (Phase Lock Loop) products

- design and support services in the field of mixed signal technology

29.     On information and belief, the goods and services offered by Defendant Silab Tech purport to be identical in many respects to those offered by Plaintiff Silabs under the SILABS Marks, with numerous goods and services competing directly with those offered by Silabs.

**_Defendant Silab Tech's infringement of the SILABS Marks_**

30.      Silab Tech is violating the intellectual property rights of Silabs, including infringement of the SILABS Mark.

31.      The name and mark "Silab Tech" and variations thereof used by Defendant Silab Tech (including the marks "SilabTech" and "SILABTECH") are confusingly similar to the SILABS Mark.

32.      Defendant Silab Tech is currently doing business in and outside of this Judicial District under the trade name "Silab Tech."

33.      Defendant Silab Tech is currently doing business in and outside of this Judicial District utilizing the term "Silab Tech" (and variations thereof) in association with at least some of the following goods and services: integrated circuits; computers; semi-conductors; modems; integrated radio frequency transceivers, synthesizers and tuners; and transmitters of electronic signals, as well as other related goods and services.

34.      Defendant Silab Tech is currently attending and doing business at the Design Automation Conference ("DAC") in Austin, Texas, which DAC runs from June 18-22, 2017.

35.      Defendant Silab Tech is an exhibitor at the DAC.

36.      Upon information and belief, there will be over 7,000 participants at the DAC.

37.      While attending, doing business, and exhibiting, Defendant Silab Tech has used the term "Silab Tech" (and variations thereof) as a trade name and as a trademark, including with respect at least some of the following goods and services: integrated circuits; computers; semi-conductors; modems; integrated radio frequency transceivers, synthesizers and tuners; and transmitters of electronic signals, as well as other related goods and services.

38.     Defendant Silab Tech is doing so, despite having actual knowledge of the SILABS Mark and Plaintiff Silabs' ownership thereof.

39.     Defendant Silab Tech has also registered, and is currently using, the domain name "*www.silabtech.com*" (the "Silab Tech Domain Name").   The Silab Tech Domain Name is highly similar to the SILABS Mark and Silabs' SILABS Domain Name.

40.     The SILABS Mark was distinctive at the time Defendant Silab Tech registered the SilabTech Domain Name.

41.     On information and belief, Defendant Silab Tech acted in bad faith intent to profit from the SILABS Mark.

42.     Due to the stark and undeniable similarity between (a) the term "Silab Tech" (and variations thereof used by Defendant Silab Tech as a trade name and trademark and (b) the SILABS Mark, the actions of Defendant Silab Tech are likely to cause confusion, cause mistake and/or deceive consumers as to an affiliation, connection or association between Defendant Silab Tech and Plaintiff Silabs.

43.     Given the prominence of Silabs in the industry and the striking similarities between "Silab Tech" and SILABS, and that these are directed to the same customers for the same goods and services, the actions of Silab Tech constitute willful, deliberate, and intentional infringement.

## CLAIM I:  FEDERAL TRADEMARK INFRINGEMENT

44.     Silabs restates and incorporates by reference its allegations set forth in Paragraphs 1-43.

45.     The acts of Defendant Silab Tech constitute infringement of the SILABS Mark in violation of 15 U.S.C. § 1114(1).

46.     The SILABS Mark is a legally protectable mark owned by Silabs.

47.     Defendant Silab Tech use of "Silab Tech" and variations thereof, including as a tradename and trademark, is likely to cause confusion, or to cause mistake, or to device.

48.     The acts of Defendant Silab Tech constitute infringement of the SILABS Mark in violation of Section 43(a) of the Lanham Act), 15 U.S.C. § 1125(a).

49.     Defendant Silab Tech use of "Silab Tech" and variations thereof, including as a tradename and trademark, is a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, that is likely to cause confusion, or to cause mistake, or to device as to the affiliation, connection, or association of Defendant Silab Tech with Silabs, or as to the origin, sponsorship, or approval of Defendant Silab Tech's goods, services, or commercial activities by Silabs.

50.     The acts of Defendant Silab Tech have occurred with full knowledge and conscious disregard by Defendant Silab Tech of Silabs' superior rights in the SILABS Mark, and in bad faith with a willful and deliberate intent to trade on Silabs' vast goodwill.  To the fullest extent allowed by law, Silabs is entitled to profits, damages and costs pursuant to 15 U.S.C. §§ 1114 and 1117.

51.     Defendant Silab Tech's acts are willful, deliberate, and intentional acts of infringement by Defendant Silab Tech.

52.     This is an exceptional case within the meaning of 15 U.S.C. § 1117(a), to which Silabs is entitled to recover its reasonable and necessary attorneys' fees.

53.     Defendant's actions constitute use of a counterfeit mark or designation within the meaning of 15 U.S.C. § 1117(b), for which Silabs is entitled to treble damages.

## CLAIM II:  FEDERAL CYBERSQUATTING

54.     Silabs restates and incorporates by reference its allegations set forth in Paragraphs 1-53.

55.     Defendant Silab Tech has registered, trafficked in, and/or used the Silab Tech Domain Name.  The Silab Tech Domain Name is highly and confusingly similar to the SILABS Mark and Silabs' Silabs Domain Name.

56.     The SILABS Mark was distinctive at the time Silab Tech registered the Silab Tech Domain Name.

57.     Defendant Silab Tech acted in bad faith intent to profit from the SILABS Mark.

58.     Defendant has cybersquatted in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1 125(d).

## CLAIM III:  FEDERAL UNFAIR COMPETITION

59.     Silabs restates and incorporates by reference its allegations set forth in Paragraphs 1-58.

60.     Defendant Silab Tech has committed acts of false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## CLAIM IV:  STATE TRADEMARK INFRINGEMENT

61.     Silabs restates and incorporates by reference its allegations set forth in Paragraphs 1-60.

62.     Defendant Silab Tech has committed acts of trademark infringement in violation of the statutes and laws of the State of Texas.

## CLAIM V:  COMMON LAW UNFAIR COMPETITION

63.    Silabs restates and incorporates by reference its allegations set forth in Paragraphs 1-62.

64.    Defendant Silab Tech has committed acts of unfair competition in violation of the common law of the State of Texas.

## CLAIM VI:  APPLICATION FOR
## PRELIMINARY AND PERMANENT INJUNCTION

65.    Silabs restates and incorporates by reference its allegations set forth in Paragraphs 1-64.

66.    Defendant Silab Tech has damaged Silabs and is continuing to damage Silabs by the illegal acts complained of herein.  Unless Defendant Silab Tech is restrained by this Court, Silab Tech will continue to cause irreparable injury to Silabs for which there is no adequate remedy at law.

## CONDITIONS PRECEDENT

67.    All conditions precedent to Silabs' claims for relief have occurred and have been performed.

## JURY DEMAND

68.    Pursuant to Rules 38(b) and 38(c) of the Federal Rules of Civil Procedure, Silabs requests a trial by jury for all issues so triable.

## PRAYER

WHEREFORE, Plaintiff Silab respectfully prays that Defendant Silab Tech be cited to appear and answer Plaintiff's Original Complaint herein and, that, upon a final hearing of the cause:

1.      Judgment for Plaintiff Silabs regarding all of Plaintiff Silabs' claims set forth in this Original Complaint.

2.      That Defendant Silab Tech and those acting in concert or participation be preliminarily and permanently enjoined and restrained from:

        (a)     using any trade name, trademark, service mark, domain name, advertising, Internet web page, signage or any materials which depict, contain or consist of any name or mark confusingly similar to the SILABS Mark, including, but not limited to, "Silab Tech," "SilabTech," "SILABTECH," and any other marks or domain names incorporating the element SILAB, including any variations, phonetic equivalents, or formatives thereof, or other word or words confusingly similar thereto;

        (b)     otherwise competing unfairly with Silabs in any manner, including, without limitation, (i) unlawfully adopting or infringing upon the SILABS Mark, (ii) adopting or using any trade name, trademark, service mark domain name, advertising or signage similar to the SILABS Mark, and/or (iii) adopting or using any trade name, trademark, service mark, advertising or signage likely to dilute the distinctive quality of the SILABS Mark;

        (c)     committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe any of Silabs' trademark rights, or to confuse, mislead or deceive consumers as to sponsorship, approval or affiliation of Silabs by, with, or of Silab Tech; and

(d)     conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a), (b) and (c) above.

3.      A judgment that this is an exceptional case.

4.      An award to Plaintiff Silabs of its damages, enhanced damages, plus reasonable and necessary attorneys' fees, statutory interest, and court costs.

5.      An accounting be directed to determine the profits of Defendant Silab Tech resulting from its activities and that such profits be paid over to Plaintiff Silabs, increased as the Court finds to be just under the circumstances.

6.      All lawful pre-judgment and post-judgment interest and costs of this action in the foregoing amounts at the highest interest allowed under Texas and Federal law.

7.      All other and further relief to which Plaintiff Silabs may prove to be justly entitled at law and equity.

Silabs reserves the right to plead further at the time of trial.

Dated: June 19, 2017

Respectfully submitted,

*/s/ Ross Spencer Garsson*
Ross Spencer Garsson
Texas State Bar No. 00784112
DICKINSON WRIGHT PLLC
303 Colorado Street, Suite 2050
Austin, Texas 78701
Telephone: 512.770.4222
Facsimile: 844.670.6009
E-Mail: rgarsson@dickinsonwright.com

***Attorneys for Plaintiff Silicon Laboratories Inc.***